IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| Trend Intermodal Chassis Leasing, Inc., | * | |
| Plaintiff, | * | Civil Action No. |
| v. | * | |
| Rally Trucking, Inc., | * | IN ADMIRALTY |
| Defendant, and | * | |
| JPMorgan Chase Bank, N.A. | * | |
| Garnishee. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
<u>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Trend Intermodal Chassis Leasing, Inc. ("Trend") brings this action against Rally Trucking, Inc. ("Rally") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishee JPMorgan Chase Bank, N.A. and states as follows:

**<u>Jurisdiction and Venue</u>**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishee is located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. Trend is a corporation, duly organized under the laws of the State of Delaware. Trend provides term leases of marine equipment, including marine chassis, for the movement of cargo in maritime commerce, including to defendant for delivery of marine cargo to consignees, to and from ports of the United States.

6. Rally is a corporation, duly organized under the laws of the State of New Jersey. Rally provides intermodal transportation of marine chassis and containers for delivery of marine cargo to consignees.

7. Garnishee JPMorgan Chase N.A. is an entity with offices or agents located in this District which, on information and belief, Trend reasonably believes holds accounts which are the property of and/or owing to Rally.

## Facts

8. Trend and Rally entered into a Chassis Lease Agreement in or about January 24 2018.

9. Each Lease was for a term of three (3) years and incorporates the terms and conditions of the Master Equipment Lease Agreement ("MELA"), dated February 1, 2018, between Trend and Rally.

10. Pursuant to the Leases, Rally leased thirty one (31) ocean container chassis from Trend.

11. Eight of the ocean container chassis' rental rate was $10.00 per unit, per day. The Lease requires Rally to pay Trend the lease amounts, monthly.

12. The chassis under the Leases remain in the possession of Rally.

13. Rally has not since December, 2018 paid the monthly Lease rental charges for the units. The aggregate outstanding charges total at least $57,040.

- 3 -

14. Rally is in default and consequently under the provisions of the Lease, Trend has elected to accelerate to require payment of all amounts due to the Leases' three year term, which totals $226,300.  Further, Rally although in default of the Lease has failed and refused to return the ocean container chassis, which each have an average value of at least $6,000.  Consequently Rally owes Trend a further $186,000 for the 31 unreturned chassis.  Despite repeated demand, Rally has failed to pay Trend these amounts due under the Lease, totaling $469,340.

15. Additionally, pursuant to Section 11 of the MELA, Rally shall pay all "attorneys' fees, court cost and other expenses" incurred by Trend for the collection of the outstanding balances due.  Anticipated fees, costs and expenses are $10,000.

## Count I – Breach of Maritime Contract

16. Trend incorporates the above paragraphs as if fully set forth herein.

17. Rally breached its maritime contract with Trend as set out above.  Despite repeated demand, Trend remains unpaid.

18. Trend therefore demands judgment, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

19. Trend incorporates the above paragraphs as if specifically set forth herein.

20. Trend seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration.

21. No security for Trend's claims has been posted by Rally or anyone acting on its behalf to date.

22. Rally cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to Garnishees JPMorgan Chase Bank, NA.

## **Prayer for Relief**

WHEREFORE, Trend prays:

A. That in response to Count I, judgment be entered against Rally Trucking, Inc. and in favor of Trend Intermodal Chassis Leasing, Inc., in the amount of at least **USD $479,340**;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Rally Trucking, Inc.'s tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Trend's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court award Trend such other and further relief that this Court deems just and proper.

Dated: March 26, 2019.

        /s/ J. Stephen Simms
        J. Stephen Simms
        Simms Showers LLP
        201 International Circle, Suite 250
        Baltimore, Maryland 21030
        Telephone:   410-783-5795
        Facsimile:    410-510-1789
        jssimms@simmsshowers.com

        Attorneys for Trend Intermodal
        Chassis Leasing, Inc.

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the District of Maryland, and of the Maryland State Department of Assessments and Taxation. There is no record of any general or resident agent authorized to accept service of process for Rally Trucking, Inc. in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on March 26, 2019.
>
> /s/ J. Stephen Simms
> J. Stephen Simms